UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HURTADO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>M.E. SPEARMAN,<br><br>　　　　　　Respondent. | No. 1:19-cv-01159-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 19) |

　　　　Petitioner Richard Anthony Hurtado is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 18, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition (Doc. No. 13) be granted. (Doc. No. 19.) Specifically, the magistrate judge found that respondent was correct in the assertion that the pending petition must be denied as an unauthorized second or successive petition. (*Id.* at 1–2.) The findings and recommendations were served on petitioner

and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id*. at 3.) To date, no objections to those findings and recommendations have been filed by petitioner.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

On March 23, 2020, petitioner filed with the court a "MOTION to STAY or for EXTENSION of TIME." (Doc. No. 20.) Therein, petitioner "motions this Court to stay all the proceedings pending an application for leave to file [a] second or successive petitioner." (*Id.* at 1.) He argues that such an application is currently being brought in the Ninth Circuit. (*Id.*) Petitioner's motion will be denied because the court does not have jurisdiction over this matter *until* he obtains authorization from the Ninth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added). Because petitioner in this case has made no showing that he has obtained prior leave from the Ninth Circuit to file a successive petition, this court has no jurisdiction to consider his application for relief under 28 U.S.C. § 2254 and must deny the petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* at (c)(3). Where a petitioner's constitutional claims have been rejected, "the showing required to satisfy

§ 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

For the reasons set forth above,

1. The February 18, 2020 findings and recommendations (Doc. No. 19) are adopted in full;
2. Respondent's motion to dismiss the petition (Doc. No. 13) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is denied;
4. Petitioner's miscellaneous motion (Doc. No. 20) is denied;
5. The Clerk of the Court is directed to close this case; and
6. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 20, 2020**

*[signature: Dale A. Drozd]*
UNITED STATES DISTRICT JUDGE